**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HEATHER B.**[1],

    **Plaintiff,**

    v.

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

Civil Action 2:25-cv-00320
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

Plaintiff, Heather B., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. This matter is before the Court for disposition based upon Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply (ECF No. 12), and the administrative record (ECF No. 8). For the following reasons, the Court **OVERRULES** Plaintiff's Statement of Errors (ECF No. 9) and **AFFIRMS** the Commissioner's decision.

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

1

## sI.   BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on September 2, 2021, alleging that she has been disabled since March 18, 2020, due to diabetes, COPD, heart problems, hip problems, shoulder problems, hand/wrist/arm problems, and depression.  (R. at 190-98, 228.)  Plaintiff's applications were denied initially in July 2022 and upon reconsideration in April 2023.  (R. at 70-115, 121-157.)  Plaintiff sought a *de novo* hearing before an administrative law judge.  (R. at 161-69.)  Plaintiff, who was represented by counsel, appeared and testified at a hearing held on November 6, 2023.  (R. at 39-69.)  A vocational expert ("VE") also appeared and testified.  (*Id.*)  On February 16, 2024, Administrative Law Judge Jason P. Tepley (the "ALJ") issued a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 14-38.)  The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-6.)  This matter is properly before this Court for review.

## II.   RELEVANT RECORD EVIDENCE

The Court has thoroughly reviewed the transcript in this matter, including Plaintiff's medical records, function and disability reports, and hearing testimony as to Plaintiff's conditions and resulting limitations. Given the claimed error raised by Plaintiff, rather than summarizing that information here, the Court will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III.   ADMINISTRATIVE DECISION

On February 16, 2024, the ALJ issued his decision.  (R. at 14-38.)  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 21,

2026. (R. at 19.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 18, 2020, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the severe impairments of lumbar and cervical spine degenerative disc disease, complex regional pain syndrome (CRPS), diabetes with neuropathy, chronic obstructive pulmonary disease (COPD), obesity, congestive heart failure (CHF), recent fracture of tibia/Fibula/Lisfranc, depression, substance use disorder, and trauma-stressor disorder. (R. at 20.) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21.)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally stoop, kneel, crouch, and crawl; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently reach in all directions with her upper extremities, except

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> only occasionally reach overhead with her upper extremities; and frequently handle, finger, and feel with her upper extremities. She must avoid unprotected heights, moving mechanical parts, and commercial driving. She can understand, remember, carry out simple tasks but not engage in work that requires satisfaction of production quotas or that involves an assembly line pace. She can make simple work-related decisions. She can occasionally interact with coworkers and supervisors but not interact with the general public. She can deal with occasional changes in a routine work setting that are explained in advance.

(R. at 24.)

At step four of the sequential process, the ALJ determined that Plaintiff is unable to perform her past relevant work as a housekeeping cleaner. (R. at 29.) The ALJ determined at step five of the sequential process that Plaintiff would be able to perform the requirements of representative occupations such as an assembler, spotter, or document preparer. (R. at 30.) He therefore concluded that Plaintiff has not been disabled since March 18, 2020. (*Id.*)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**V.   ANALYSIS**

Plaintiff raises two issues in her Statement of Errors. First, Plaintiff asserts that the ALJ failed to properly consider whether the job of document preparer exists in significant enough numbers in the national economy. (ECF No. 9 at 11-15.) Further, Plaintiff argues that the ALJ failed to properly evaluate whether her severe impairment of "substance use disorder" is a contributing factor material to the disability determination. (*Id.* at 15-20.) The Court, considering Plaintiff's claimed errors in turn, disagrees and finds that the ALJ's decision is supported by substantial evidence.

A. The ALJ's Step Five Finding

Plaintiff's first claimed error is a very discrete issue arising from the ALJ's Step Five finding. Accordingly, the starting point for the Court's analysis is the ALJ's discussion supporting that finding. The ALJ explained his Step Five finding in this way:

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.27 and Rule 201.21. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked Mr. Martin whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. Mr. Martin testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as the following unskilled (SVP 2) jobs of sedentary exertion in the national economy:
>
> | Job Title/DOT Code | Nationwide |
> |---|---|
> | assembler/706.684-030 | 2,700 |
> | spotter/739.687-182 | 6,000 |
> | document preparer/249.587-018 | 15,000 |
>
> Mr. Martin testified that the document preparer position no longer uses microfilm, as indicated in the DOT, but now uses a scanner, and that his testimony reflects the number of jobs that exist for that job in its present form.
>
> The undersigned accepts Mr. Martin's analysis, as it is not contradicted and his sources of data are considered reliable in light of his professional qualifications, long experience placing individuals in jobs, and familiarity with the rules governing the vocational aspects of Social Security disability evaluation. His testimony was consistent with the Dictionary of Occupational Titles (DOT), pursuant to the requirements of Social Security Ruling 00-4p, or otherwise consistent with his experience in the vocational field (Ex. 16E). Specifically, he noted that his testimony regarding the reaching limitations in the posed hypothetical was based on his education and experience in the vocational field. He accurately identified the types and approximate number of jobs that the claimant can perform. The jobs identified exist in several industries and are not of an isolated nature. The jobs cited by him constituted a significant number of jobs existing in the economy.

> Based on the testimony of Mr. Martin, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rules.

(R. at 30.)

By way of additional background, following the first hypothetical propounded by the ALJ, the VE testified as follows regarding the other jobs existing in the national economy that such a hypothetical individual could perform:

> … Assembler, DOT number 706.684-030, SVP 2, unskilled, sedentary physical demand level per DOT, approximately 2,700 in the national economy. Spotter, DOT number 739.687-182, SVP level 2, unskilled, sedentary physical demand level per DOT, approximately 6,000 in the national economy. And document preparer, DOT number 249.587-018, SVP 2, unskilled, sedentary physical demand level per DOT, approximately 15,000 in the national economy. ***I do want to note that the description identifies microfilming, which is outdated. They use a scanner now and it's still SVP 2.***

(R. at 66) (emphasis added).

Relying on the above, Plaintiff asserts that "[t]he ALJ failed to consider whether the position of document preparer was still an unskilled, SVP 2 job, now with the use of a scanner." (ECF No. 9 at 14.) Or, as Plaintiff states another way, "[t]he ALJ never determined if the use of new technology, such as scanners, removes the position from the unskilled, SVP 2 level." (*Id*. at 15 citing R. at 30, 66.) In Plaintiff's view, the ALJ's "fatal legal error" resulted in harm because only 8700 jobs total exist in the national economy for the remaining two jobs identified by the VE. According to Plaintiff, that is not a sufficiently significant number of jobs.

In response, the Commissioner points out that the VE specifically testified that the use of newer scanning technology did not remove the job from the SVP 2 level correlating with unskilled work. (ECF No. 11 at 4.) Thus, the Commissioner rejects any suggestion that the ALJ "failed to connect the dots" as to the SVP classification. (*Id*. at 5.) In reply, Plaintiff confirms her reliance on *Cunningham v. Astrue*, 360 F. App'x 606, 615 (6th Cir. 2010), an unpublished 2-1 decision, which, according to Plaintiff, recognized that the document preparer job description is "'potentially vulnerable'" as "'obsolete.'" (ECF No. 12 at 2, citing *Cunningham*.) As Plaintiff further explains *Cunningham's* holding, "'the [vocational expert]'s dependence on the DOT listings alone does not warrant a presumption of reliability.'" (*Id*.)

To be sure, once, as here, Plaintiff has established that she was unable to perform her past relevant work, at Step 5, the burden shifts to the agency to show that there were other jobs existing in significant numbers in the economy that Plaintiff could perform consistent with her RFC and vocational factors. 20 C.F.R. § 404.1512(f); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The SSA's burden at the fifth step is to prove the availability of jobs in the national economy that the claimant is capable of performing . . . . The claimant, however, retains the burden of proving her lack of residual functional capacity."). The Commissioner may satisfy this burden by introducing independent evidence of the existence of jobs in the national economy that Plaintiff can perform. See 20 C.F.R. § 404.1566(e) (an ALJ may use the services of a VE when determining whether other work exists in the national economy).

Plaintiff's argument that the ALJ did not satisfy that burden here is not well-taken. First, Plaintiff's argument defies a plain reading of the ALJ's decision. As the above excerpts clearly

8

confirm, and the Commissioner points out, the VE specifically testified that the document preparer occupation with the use of newer scanning technology remained at the SVP 2 level, correlating with unskilled work. Beyond that, Plaintiff's suggestion that the DOT is not a reliable source of information is wholly without merit. As noted, Plaintiff relies on *Cunningham* as the basis for this argument. Much more recent Sixth Circuit authority, recognizing the split in lower court decisions following *Cunningham*, has nullified that argument. That is, the Sixth Circuit has clarified that "the DOT can establish the existence of jobs in the national economy in significant numbers." *O'Neal v. Comm'r of Soc. Sec.,* 799 F. App'x 313, 317 (6th Cir. 2020). Even more recently, in a published opinion, the Sixth Circuit articulated "twin considerations" that "bolster the value of the [VE's] testimony as well as the ALJ's decision to rely on that testimony." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 562–63 (6th Cir. 2022), *cert. denied sub nom. Moats v. Kijakazi*, 143 S. Ct. 785 (2023). One consideration is the credentials of the VE—including his or her certifications and years of experience as a vocational expert. *Id.* at 562. The second consideration is whether the VE's testimony is consistent with the DOT. *Id.* Here, the ALJ relied on both and Plaintiff does not argue otherwise. (*See* R. at 30.) This is sufficient for the ALJ to determine that jobs existed in the national economy and for that determination to be supported by substantial evidence. Importantly, despite raising the argument, Plaintiff presents no direct evidence that the position of document preparer is obsolete. Accordingly, the Court finds that the ALJ did not err in relying on the vocational expert testimony, which the ALJ found to be consistent with the DOT, despite Plaintiff's claim that the document preparer job is obsolete.

      B.      **Plaintiff's drug and alcohol abuse**

Plaintiff also asserts that the ALJ did not properly evaluate her "substance use disorder." (ECF No. 9 at 15-20.) Specifically, Plaintiff argues that, although the ALJ considered her history of substance abuse, he did not decide whether it was a contributing factor to disability for the claimed period beginning March 18, 2020. In her reply, Plaintiff asserts that, because the ALJ concluded she was unable to perform her past relevant work, she was disabled such that the ALJ was required to consider the materiality of her substance abuse. The Court disagrees.

Under U.S.C. § 423(d)(2)(C), an individual cannot be considered disabled if alcoholism or drug addiction is a contributing factor material to the determination of disability. The key factor in this analysis is whether the individual would still be found disabled if they stopped using drugs or alcohol. *Monateri v. Commissioner of Social Sec.*, 436 Fed.Appx. 434 (6th Cir. 2011). The ALJ is further instructed to "evaluate which of [the claimant's] current physical and mental limitations...would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 CFR § 416.935(b)(2).

Thus, the ALJ first determines whether the claimant is disabled in view of all limitations, including those caused by substance abuse. *See* 20 C.F.R.§ 404.1535(a); Social Security Ruling (SSR) 13-2p (evaluating cases involving drug addiction and alcoholism). If the claimant would be disabled but the record includes medical evidence of drug addiction or alcoholism, the ALJ then determines what limitations would remain absent substance abuse. See 20 C.F.R. § 404.1535(b)(2). If the claimant would not be disabled absent substance abuse, then substance abuse would be material to a finding of disability. *See id.* (b)(2)(i); *see also Kawecki v. Commissioner of Social*

*Security,* No. 4:25-CV-00933-DAP, 2026 WL 81754, at *10 (N.D. Ohio Jan. 12, 2026) ("SSR 13-2p sets forth the SSA's policies for considering whether drug addiction and alcoholism ("DAA") is a contributing factor material to the disability determination. 2013 WL 621536 (Feb. 20, 2013). It provides that, *if* the Agency determines that the claimant's substance abuse is a medically determinable impairment *and* that the claimant is disabled when considering all the claimant's impairments, the Agency must then determine whether the claimant would be disabled if he or she stopped using drugs or alcohol. *Id*. at *2.") (emphasis in original).

Here, Plaintiff claims, without citation to supporting authority, that the ALJ's finding that Plaintiff could not perform her past relevant work triggered the required materiality analysis. (ECF No. 12 at 3.) According to Plaintiff, the ALJ's finding means that "Plaintiff is disabled from her past relevant work as a housekeeping cleaner." (*Id*.) Plaintiff's position is baseless. Under the regulations, a finding that Plaintiff could not do her past work is not the same as a finding of disability. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). Instead, where, as the ALJ found here, a plaintiff can make an adjustment to other work, a plaintiff is not disabled. *Id*. A finding of disability is appropriate only where a plaintiff **cannot** make an adjustment to other work. *Id*. That is, **even** if the claimant's impairment **does** prevent the claimant from doing their past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c)

Here, the ALJ found that Plaintiff's substance use disorder was a severe impairment at step two. (R. at 20.) The ALJ then discussed the effects of her disorder in determining the RFC, noting,

11

"despite the [substance use] disorder, mental status exams generally showed normal findings, and, after the claimant's admission to sober living [following an overdose in July 2023], mental status findings were again generally normal." (R. at 27, citing to R. at 2553-54, 2567-68, 3252.) In the administrative decision, the ALJ also found that that the record "does not document significant professional mental health treatment except for drug abuse and notes generally substantially normal mental status exam findings." (R. at 28.) He continued that Plaintiff's "most significant mental impairment has been drug use, though she also has significant depression and trauma-stressor-related disorder," aggravated by stress. (*Id.*). Nevertheless, the ALJ found that Plaintiff **was not disabled** because she was able to perform other work existing in significant numbers in the economy. As the above authority confirms, given that finding there was no need for the ALJ to undertake a materiality analysis. Accordingly, the Court finds no error in his failure to do so.

Within this argument, Plaintiff also seems to challenge the ALJ's consideration of the evidence, pointing out that her depression screenings showed "moderately severe depression" and "severe depression." (EF No. 9 at 21.) The ALJ, however, considered Plaintiff's mental impairments, including her depression, and, in doing so accounted for them in formulating the RFC. Specifically, taking into account Plaintiff's mental symptomatology, the ALJ limited her to "simple tasks not requiring satisfaction of production quotas or assembly line pace, and only simple work-related decisions … occasional[] interaction with coworkers and supervisors, [no] interact[ion] with general public … [and only] occasional changes in a routine work setting … explained in advance." (R. at 28.) The ALJ's conclusion on this point is supported by substantial evidence. (*See* R. at 28 citing R. at 70-79; 80-89; 92-102; 103-113.) Plaintiff's argument regarding her depression amounts

to nothing more than a request that the Court reweigh the evidence. That, however, is impermissible and the Court declines to do so. *Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004). Again, the Court finds no error in the ALJ's consideration of the evidence relating to Plaintiff's mental impairments.

## VI. CONCLUSION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 9) is **OVERRULED** and the Commissioner's decision is **AFFIRMED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**Date: January 20, 2026**         *s/ Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **UNITED STATES MAGISTRATE JUDGE**